UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BRENDA THORNTON                                    CIVIL ACTION

VERSUS
                                                   NO. 15-407
CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY                                    SECTION "B"(5)

                        ORDER AND REASONS[*]

I.      NATURE OF MOTION AND RELIEF SOUGHT

   Before the Court is Plaintiff's, Brenda Thornton, "Motion for Attorney's Fees and Costs" (Rec. Doc. 17) and Defendant's, Carolyn W. Colvin, opposition thereto (Rec. Doc. 18). Plaintiff seeks payment of attorney's fees and costs pursuant to this Court's March 22, 2016 Order and Reasons remanding Plaintiff's case to the Commissioner for further proceedings. (Rec. Doc. 17-2 at 2). For the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

II.     FACTS AND PROCEDURAL HISTORY

   Plaintiff filed the instant suit in the United States District Court for the Eastern District of Louisiana on February 9, 2015, requesting that the Court review the final decision of the Commissioner of the Social Security Administration, which denied Plaintiff Social Security disability benefits and SSI benefits. (Rec. Doc. 1). Plaintiff then filed a Motion for Summary Judgment

---

[*] We are grateful for work on this matter by Courtney Harper, a Loyola University New Orleans College of Law intern with our Chambers.

on June 25, 2015. (Rec. Doc. 8). On August 20, 2015, Defendant filed a Cross Motion for Summary Judgment (Rec. Doc. 12), and Plaintiff filed a Reply to that motion on September 1, 2015 (Rec. Doc. 13). On February 29, 2016, Magistrate Judge North issued a Report and Recommendation recommending that the ALJ's decision denying Plaintiff's claim be remanded to the Commissioner. (Rec. Doc. 14). On March 22, 2016, this Court approved the Magistrate's Report and Recommendation and ordered the matter remanded to the Commissioner for further proceedings. (Rec. Doc. 15). Plaintiff filed the instant motion for attorney's fees and costs under the Equal Access to Justice Act on June 20, 2016. (Rec. Doc. 17). Defendant filed an opposition on June 29, 2016, one day late according to L.R. 7.5. (Rec. Doc. 18).

**III. CONTENTIONS OF MOVANT**

Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arguing that Plaintiff's counsel is entitled to attorney's fees and costs for representation in this civil action. Plaintiff cites P.L. 104-121, Title II, Subtitle C, which amends 28 U.S.C. § 2412(d)(2)(A) to increase the statutory ceiling for EAJA awards from $75.00 to $125.00 per hour. Plaintiff argues it is entitled to legal fees in the amount of $3,025 plus the filing fee of $350, for a total of $3,375.

**IV.   CONTENTIONS OF OPPONENT**

Defendant agrees that Plaintiff is entitled to receive $3,025 in EAJA fees for 24.2 hours of work. However, Defendant argues that Plaintiff is not entitled to $350 in costs. Specifically, Defendant cites Local Rule 54.3 which requires the party seeking costs to file "a motion to tax costs on the forms prescribed by the court" within 35 days of receiving notice of entry of judgment. Defendant asserts that Plaintiff failed to timely file a request for costs and improperly combined the request for costs with a request for EAJA fees. Accordingly, Defendant argues that Plaintiff's request for costs should be denied.

**V.   STANDARD OF LAW**

Federal Rule of Civil Procedure 54(d) provides in pertinent part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Under the EAJA, a party who obtains a remand under the fourth sentence of 42 U.S.C. § 405(g) is a prevailing party. *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989). Local Rule 54.2 provides that a party seeking attorney's fees "must submit to the court a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed." Local Rule 54.3 governing certification of costs provides that:

> *Within 35 days of receiving notice of entry of judgment*, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who is allowed costs, must serve on the attorney for the adverse party and file with the clerk a motion to tax costs on the forms prescribed by the court, together with a certification that the items are correct and that the costs have been necessarily incurred. (Emphasis added).

L.R. 54.3 (emphasis added).

## VI. DISCUSSION

Plaintiff urges the Court to award $3,025 in legal fees and $350 in costs based upon 24.2 hours billed at a rate of $125 per hour. Defendant contends that the Court should deny Plaintiff's request for costs due to Plaintiff's failure to satisfy the requirements of Local Rule 54.3. This Court finds that denial of costs is warranted.

Particularly, the parties do not dispute that the Court's March 22, 2016, order constituted a final judgment. (Rec. Doc. 17-2 at 2 and Rec. Doc. 18 at 1). There is also no dispute that Plaintiff filed the instant motion for attorney's fees and costs on June 20, 2016. (Rec. Doc. 17 at 2). Thus, Plaintiff failed to file the motion for costs within 35 days of receiving notice of judgment. Plaintiff also improperly combined the motion for costs with a motion for attorney's fees, thereby failing to satisfy the form requirements of Local Rule 54.3. However, Plaintiff's motion satisfied Local Rule 54.2 governing attorney's fees. As such, $350

4

must be subtracted from the amount requested by Plaintiff. Thus, Plaintiff should receive only $3,025 as attorney's fees with respect to Plaintiff's Motion for Attorney's Fees and Costs.

### VII. CONCLUSION

In light of the above,

**IT IS ORDERED** that Plaintiff's Motion (Rec. Doc. 17) is **GRANTED in part** and **DENIED in part** and Defendant pay to Plaintiff attorney's fees in the amount of three thousand twenty-five and NO/100 dollars ($3,025).

New Orleans, Louisiana, this 21st day of July, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE